JOURNAL ENTRY and OPINION
 I. {¶ 1} Allecia Hammons brings this appeal from the probate court's denial of her motion to terminate the guardianship of her daughter. The court found that terminating the guardianship would not be in the child's best interest. We affirm, notwithstanding that the probate court applied the wrong legal standard.
 II. {¶ 2} On January 31, 1990, the minor's paternal grandparents ("guardians") filed an application for appointment of co-guardians. In this application, they argued that a guardianship was necessary because "neither parent of the child is able to care for her, but the paternal grandparents, who have cared for her since January, 1989, are able to and wish to continue caring for her." The probate court granted the grandparents' application on February 14, 1990. Hammons and the father, who were never married, both signed the application, thereby consenting to the appointment.
 {¶ 3} In March 2000, Hammons filed a motion to terminate the guardianship. Following a hearing, the probate court on October 31, 2001 overruled Hammons' motion "for the reason that it is not in the best interests of" the minor "to terminate the guardianship." It is from this order that Hammons appeals.
 III. {¶ 4} In her brief, Hammons offers assignments of error "A" through "O" with many of these assignments containing sub-assignments. The assignments often overlap and some are irrelevant to the appeal (some of the issues were, as the probate court stated, irrelevant to the action below). The dispositive issue is, however, whether the probate court erred by denying Hammons' motion to terminate the guardianship.
 A. {¶ 5} Both Hammons and the guardians overstate their respective arguments. Hammons argues that because she never abandoned her child, the probate court denied her her constitutional parental rights. The guardians, for their part, conflate the good cause analysis with the best interest of the child analysis and argue that the court properly denied Hammons' motion.
 {¶ 6} Hammons' constitutional argument misses the point since she consented to the guardianship. As the probate court explained to her, she did give up some of her parental rights by agreeing to the guardianship. Her burden, therefore, was to show that there was good cause to terminate the guardianship.
 {¶ 7} The guardians' best interest of the child analysis misses the point since that is a domestic relations standard. The probate court is to apply the good cause analysis: "[w]hen a guardian has been appointed for a minor before such minor is over fourteen years of age, such guardian's power shall continue until the ward arrives at the age of majority, unless removed for good cause * * *." R.C. 2111.46 (emphasis added).
 B. {¶ 8} Ohio courts have applied the best interest of the child standard when a guardianship was involved. See, e.g., Masitto v. Masitto
(1986), 22 Ohio St.3d 63. There, a father consented to a guardianship of his daughter by his wife's parents after his wife had become incapacitated. The father eventually divorced the wife. While the divorce decree did not specifically mention custody of the child, it did incorporate the guardianship agreement. The trial court denied the father's later attempt to terminate the guardianship. The Supreme Court held that it was proper for the trial court to treat the guardianship, as adopted by the divorce decree, as a final resolution of custody and to therefore treat the father as having completely relinquished his custody rights. The trial court therefore properly analyzed the father's motion to terminate the guardianship under the best interest of the child test, found in R.C. 3109.04.
 C. {¶ 9} Here, there was no final resolution of custody. A guardian does have custody of the ward during the duration of the guardianship but, again, the guardianship may be terminated upon a showing of good cause. R.C. 2111.06, 2111.46. Further, the probate court has exclusive jurisdiction to "appoint and remove guardians[.]" R.C. 2101.24(A)(1)(e). Hammons consented merely to a guardianship, not to a final custody disposition. The probate court's disposition of the matter under the domestic relation's best interest of the child standard was improper.
 {¶ 10} Notwithstanding the probate court's application of the wrong legal standard, we find the error to be harmless under the circumstances. Hammons' failure to present evidence showing why the guardianship should be terminated was so complete that the probate court would have been justified in denying her motion to terminate the guardianship under the proper legal standard. In reaching this conclusion, we stress that in the future, the probate court must be mindful to apply the proper legal standard. However, that failure was harmless beyond any doubt in this case.
 IV. {¶ 11} We therefore affirm the probate court, but in doing so note that nothing in this opinion shall preclude Hammons from marshalling proper evidence and filing a new motion to terminate the guardianship.
 {¶ 12} Costs assessed against plaintiff-appellant.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Probate Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, A.J., and *JOSEPH J. NAHRA, J., concur.
* SITTING BY ASSIGNMENT: Judge Joseph J. Nahra, Retired, of the Eighth District Court of Appeals.